# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stacey Finch, | FILED ELECTRONICALLY |
| Plaintiff | |
| v. | |
| GC Services, LP, | |
| Defendant | |

## COMPLAINT

### I. Introduction

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3. Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4. Plaintiff, Stacey Finch, is a natural person residing at P.O. Box 111, Laceyville, PA  18623.

5. Defendant, GC Services, LP, ("the Collector") is a limited partnership engaged in the business of collecting debts in this state with a place of business located at 6330 Gulfton St., Houston, TX  77081-1108.

6. The Collector is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

### IV. Statement of Claim

7. On or before January 22, 2009, the Collector began attempting to collect an alleged account ("the Account") from Plaintiff.

8. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

9. The collector regularly uses the telephone and mails to attempt to collect consumer debts alleged to be due another.

10. On or about January 22, 2009, the Collector caused to be mailed a letter addressed to Plaintiff. ("Letter 1")

11. A true and correct copy of *Letter 1* is attached as Exhibit A. (Redacted to comply with Fed.R.Civ.P. 5.2(a), LR 5.2 and/or ECF Procedures 14.1).

12. *Letter 1* was an attempt to collect the Account.

13. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect a debt or obtain location information about a consumer.

14. *Letter 1* contained the statement "Balance Due: $390.66".

15. *Letter 1* did not state the date on which the amount due was calculated, and did not explain that interest would continue to accrue on unpaid principal.

16. The statement referenced in paragraph 14 can be reasonably read to have two (2) different meanings, one of which is inaccurate.

17. The statement referenced in paragraph 14 could have meant that interest and the total amount due were calculated on the date *the Letter* was written.

18. The statement referenced in paragraph 14 could have meant that the interest, and therefore the total amount due was static, and that payment of that amount would satisfy the debt in full irrespective of when the payment was made.

19. The statement referenced in paragraph 14 violated 15 U.S.C. § 1692e(10).

20. On or about February 23, 2009, the Collector caused to be mailed a letter addressed to Plaintiff. ("Letter 2")

21. A true and correct copy of *Letter 2* is attached as Exhibit B. (Redacted to comply with Fed.R.Civ.P. 5.2(a), LR 5.2 and/or ECF Procedures 14.1).

22. *Letter 2* was an attempt to collect the Account.

23. *Letter 2* contained the statement "Balance Due: $396.33".

24. *Letter 2* did not state the date on which the amount due was calculated, and did not explain that interest would continue to accrue on unpaid principal.

25. The statement referenced in paragraph 23 can be reasonably read to have two (2) different meanings, one of which is inaccurate.

26. The statement referenced in paragraph 23 could have meant that interest and the total amount due were calculated on the date *the Letter* was written.

27. The statement referenced in paragraph 23 could have meant that the interest, and therefore the total amount due was static, and that payment of that amount would satisfy the debt in full irrespective of when the payment was made.

28. The statement referenced in paragraph 23 violated 15 U.S.C. § 1692e(10).

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

### V. Demand for Jury Trial

29. Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted,

s/ Kenneth W. Pennington
Kenneth W. Pennington
Bar Number PA 68353
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA  18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email kpecf@bankruptcypa.com

Exhibit A

(*Letter 1*)

Exhibit B

(*Letter 2*)